**So Ordered.**



Frank L. Kurtz
Bankruptcy Judge

**Dated: March 30th, 2015**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE:<br><br>JOHN GEHLEN,<br><br>Debtor. | Case No. 13-02827-FLK11<br><br>**FINDINGS OF FACT & CONCLUSIONS OF LAW RE: CONFIRMATION OF CHAPTER 11 PLAN OF REORGANIZATION** |

This matter came on for hearing on March 26, 2015 on Debtor's request for confirmation of the Debtor's proposed Plan of Reorganization **("Plan")**

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

FINDINGS OF FACT &
CONCLUSIONS OF LAW         -1-

(Docket No. 76). The Court has considered the Declaration of John Gehlen as well as any testimony elicited at the confirmation hearing. Based upon the evidence, the Court hereby finds and concludes as follows:

I.  *Findings of Fact*

1. The Court has entered an order approving the Debtor's Disclosure Statement (Docket No. 74).

2. The Debtor gave proper notice of its Plan and the hearing on confirmation of the Plan to creditors and parties in interest as required by applicable provisions of Bankruptcy law and Bankruptcy rules.

3. The Debtor has properly filed the Report of Balloting, indicating that 100% both as to amount and number of claims in Class 3 (Unsecured Claims) have accepted the Plan. Secured Creditors Mark & Lori Quick (Class 2.5) filed a ballot rejecting the Plan. Secured Creditor Betty Schmidt (Class 2.4). At least one impaired class of claims has accepted the Plan.

4. The Plan has been accepted in writing by the creditors and equity security holders whose acceptance is required by law.

FINDINGS OF FACT & CONCLUSIONS OF LAW    -2-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

5. Secured Creditor, Betty Schmidt, filed an objection to confirmation. Ms. Schmidt has either withdrawn her objection to confirmation or failed to pursue her objection at the scheduled confirmation hearing.

6. The Plan complies with all provisions of Title 11 of the United States Code as well as other applicable law.

7. The Plan has been proposed in good faith and not by any means forbidden by law.

8. All payments made or promised by the Debtor under the Plan for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable and are hereby approved, or, if to be fixed after confirmation of the Plan, will be subject to approval of the Court. No party is issuing securities or acquiring property under the Plan.

9. After confirmation of the Plan, the Debtor John Gehlen will continue to manage the affairs of the Debtor.

10. A forced liquidation of the Debtor would likely result in insufficient funds to pay creditors in Classes 1 and 2 as well as the Debtor's homestead exemption, meaning that in a forced liquidation there would be a

FINDINGS OF FACT &
CONCLUSIONS OF LAW        -3-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

13-02827-FLK7    Doc 113    Filed 03/30/15    Entered 03/30/15 15:04:08    Pg 3 of 8

shortfall in payment to the Class 3 unsecured claims. Under the Plan, Class 3 Unsecured Creditors are receiving payment of fifty percent (50%) of their allowed secured claims.

11. All objections to confirmation of the Debtor's plan have been resolved or overruled.

12. With respect to Class 3 Unsecured Claims, the class has accepted the Plan.

13. With respect to the Class 2.4 claims of Betty Schmidt, Ms. Schmidt is: (a) retaining her lien against the Debtor's property to the same extent as such lien existed prior to the filing of the Bankruptcy; (b) will receive payment during the course of the Plan in an amount equal to the full principal balance of her allowed claim plus post-petition interest at the rate of six percent (6%) per annum. The treatment of Ms. Schmidt's claim is fair and equitable under 11 U.S.C. §1129(b).

14. With respect to the Class 2.5 claims of Mark & Lori Quick, the Quicks are: (a) retaining their lien against the Debtor's property to the same extent as such lien existed prior to the filing of the Bankruptcy; (b) will receive payment during the course of the Plan in an amount equal to the full

FINDINGS OF FACT &
CONCLUSIONS OF LAW -4-



411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

principal balance of their allowed claim plus post-petition interest at the rate of six percent (6%) per annum. The treatment of the Quick's claim is fair and equitable under 11 U.S.C. §1129(b).

16. The Debtor's plan provides for the liquidation of one or both pieces of the Debtor's real property. The projected proceeds from the sale of the property are likely to be sufficient to pay all creditors pursuant to the terms of the Plan.

17. The Plan provides for the payment of all United States Trustee fees payable under 28 U.S.C. §1930.

18. The Effective Date of the Plan is the day that is fourteen (14) days after the date the order confirming the Plan is entered.

19. Substantial Consummation of the Plan will occur upon the first sale of the Debtor's property being made in accordance with the terms of the Plan.

II. *Conclusions of Law*

Based upon the foregoing findings of fact, the pleadings filed in this case and the testimony provided at the confirmation hearing, the Court concludes that:



FINDINGS OF FACT &
CONCLUSIONS OF LAW      -5-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

A. The requirements for confirmation of the Plan imposed by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and other applicable law, including the requirements of 11 U.S.C. §1129 have been met.

B. The Plan should be confirmed.

C. To the extent that the above entered findings of fact are, in fact, conclusions of law, such findings are hereby incorporated into these conclusions of law and should be denominated as such.

D. The provisions of Chapter 11 have been complied with and the Plan has been proposed in good faith and not by means forbidden by law.

E. Any and all payments for which Bankruptcy Court approval is required, including authorization required by 11 U.S.C. §§327 and 330, shall remain subject to Bankruptcy Court approval notwithstanding confirmation of the Plan.

F. The Debtor has disclosed that he will continue to conduct the affairs of the Debtor under the Plan and will be responsible for the duties the Debtor is given under the Plan.

G. No governmental regulatory commission is required to approve the Plan or the terms of the Plan.

FINDINGS OF FACT &
CONCLUSIONS OF LAW        -6-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

13-02827-FLK7    Doc 113    Filed 03/30/15    Entered 03/30/15 15:04:08    Pg 6 of 8

H. The Debtor's Plan satisfies the requirements of 11 U.S.C. §1129(a)(10) in that an impaired class (Class 3 – unsecured creditors) has accepted the Plan. Each member of Class 3 will receive value, as of the effective date of the plan, that is not less than the amount such claimant would receive if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

I. With respect to claimants in Class 2.4 and 2.5, the treatment proposed by the Plan is fair and equitable within the meaning of 11 U.S.C. §1129(b) because: (a) such secured claimants are retaining their liens against the Debtor's property under the plan; and (b) such claimants will receive deferred cash payment under the Plan equal to the full principal amount of such claims with interest at the rate of six percent (6%) per annum from the date of filing until such claims are paid in full.

J. Administrative Claims described by 11 U.S.C. §503(b) and 11 U.S.C. §507(a)(2) are provided for as required by 11 U.S.C. §1129(a)(9).

K. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor except as specifically provided for in the Plan.

FINDINGS OF FACT &
CONCLUSIONS OF LAW      -7-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

13-02827-FLK7    Doc 113    Filed 03/30/15    Entered 03/30/15 15:04:08    Pg 7 of 8

L. The Effective Date of the Plan will be the date that is fourteen (14) days following entry of the order of confirmation.

M. Substantial confirmation of the Plan will occur only upon closing of the first sale of the Debtor's property as required by the Plan.

N. Creditors and parties in interest were given notice of the confirmation hearing and no objections thereto were made, or if made, have been withdrawn, resolved or overruled.

/ / /     End of Order     / / /


    /s/ Roger W. Bailey
ROGER W. BAILEY (WSBA 26121)
Bailey & Busey PLLC
Counsel for the Debtor



FINDINGS OF FACT &
CONCLUSIONS OF LAW     -8-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282